UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SANITA TEEKASINGH,

                Plaintiff,

v.　　　　　　　　　　　　　　　　　　　3:13-CV-1375
　　　　　　　　　　　　　　　　　　　　(GTS/WBC)
COMM'R OF SOC. SEC.,

                Defendant.
_____

APPEARANCES:　　　　　　　　　　　　　OF COUNSEL:

LACHMAN, GORTON LAW FIRM　　　　　PETER GORTON, ESQ.
 Counsel for Plaintiff
P.O. Box 89
1500 East Main St.
Endicott, NY 13761-0089

U.S. SOCIAL SECURITY ADMIN.　　　　BENIL ABRAHAM, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## **REPORT and RECOMMENDATION**

This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 28.) This case has proceeded in accordance with General Order 18.

Currently before the Court, in this Social Security action filed by Sanita Teekasingh ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 14, 20, 24, 27.) For the reasons set forth below, it is recommended that Plaintiff's motion be granted in part, in the extent it seeks remand under Sentence Four of 42 U.S.C. § 405(g), and Defendant's motion is denied.

**I.    RELEVANT BACKGROUND**

**A.    Factual Background**

Plaintiff was born on December 22, 1956. (T. 152.) She completed high school. (T. 179.) Generally, Plaintiff's alleged disability consists of carpal tunnel syndrome, right knee pain, and right shoulder pain. (T. 178.) Her alleged disability onset date is February 19, 2010. (T. 152.) Her date last insured is December 31, 2015. (T. 174.) She previously worked as a personal care aide and case aide. (T. 179.)

**B.    Procedural History**

On October 14, 2010, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") and disabled widow's benefits under Title II, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 174.) Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 31, 2012, Plaintiff appeared before the ALJ, Elizabeth W. Koennecke. (T. 29-53.) On June 28, 2012, ALJ Koennecke issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 10-28.) On September 27, 2013, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-8.) Thereafter, Plaintiff timely sought judicial review in this Court.

**C.    The ALJ's Decision**

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 13-28.) First, the ALJ found that Plaintiff met the insured status requirements through December 31, 2015, Plaintiff met the non-disability requirements for disabled widow's benefits, and Plaintiff had not engaged in substantial gainful activity since February 19, 2010. (T. 16.) Second, the ALJ found that Plaintiff had the severe impairment of fibromyalgia. (*Id.*) The ALJ determined that Plaintiff's knee pain, carpal tunnel syndrom, back pain, shoulder pain, neck pain, ankle problems, insomnia, sleep apnea, and headaches were non-severe impairments. (T. 17.) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 19.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of medium work. (*Id.*)[1] Fifth, the ALJ determined that Plaintiff was capable of performing her past relevant work; and further, that there were a significant number of jobs in the national economy that Plaintiff could perform. (T. 22-23.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff filed a brief, a supplemental brief, and a reply brief in this matter. (Dkt. Nos. 14, 20, 27.) For ease of analysis, Plaintiff's arguments will be addressed in a consolidated manner. Plaintiff makes essentially three separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence, because the ALJ failed to properly assess the medical evidence in the record. (Dkt. No. 14 at 5-8, 8-10 [Pl.'s

---

[1] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. §§ 404.1567(c), 20 C.F.R. 416.967(c).

Mem. of Law]); (Dkt. No. 20 at 3 [Pl.'s Supp. Mem. of Law].)  Second, Plaintiff argues the ALJ erred in his step four and five determination that Plaintiff could perform her past relevant work and in the alternative there were a significant number of jobs in the national economy Plaintiff could perform.  (Dkt. No. 14 at 10-11 [Pl.'s Mem. of Law].)  Third, and lastly, Plaintiff argues the AC erred in its consideration of evidence submitted at the time of the appeal.  (Dkt. No. 20 at 2-3, 3-4 [Pl.'s Supp. Mem. of Law]); (Dkt. No. 27 at 1-2 [Pl.'s Reply Mem. of Law].)

### B. Defendant's Arguments

In response, Defendant makes three arguments.  First, Defendant argues the ALJ's RFC determination was supported by substantial evidence.  (Dkt. No. 24 at 6-14 [Def.'s Mem. of Law].)  Second, Defendant argues the Plaintiff was capable of performing her past relevant work.  (*Id.* at 14-16.)  Third, and lastly, Defendant argues Plaintiff has not presented new and material evidence.  (*Id.* at 16-19.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be

4

deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

5

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether the ALJ Failed to Properly Assess the Medical Evidence in the Record.

After carefully considering the matter, the Court answers this question in the affirmative, for the reasons stated in Plaintiff's memorandums of law. (Dkt. No. 14 at 5-8, 8-10 [Pl.'s Mem. of Law]); (Dkt. No. 20 at 3 [Pl.'s Supp. Mem. of Law].) The Court adds the following analysis.

Plaintiff argues that the ALJ failed to properly assess the opinions Plaintiff's treating physician, Meghan Westervelt, D.O. and consultative examiner, George Alexis Sirotenko, D.O. and therefore, her RFC determination that Plaintiff could perform medium work was not supported by substantial evidence. (*Id.*) The medical evidence in the record consists primarily of Dr. Westervelt's treatment notations, Dr. Westervelt's medical source statement, Dr. Sirotenko's consultative examination, and Dr. Sirotenko's medical source statement.

### i) Dr. Westervelt

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

The following factors must be considered by an ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). An ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*, *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)).

Plaintiff received her primary care from Dr. Westervelt and the ALJ acknowledged Dr. Westervelt as Plaintiff's treating physician. (T. 17.) In addition to

7

providing treatment notes, Dr. Westervelt completed a medical source statement questionnaire. (T. 386-390.) In the questionnaire, Dr. Westervelt checked a box indicating Plaintiff would require a "one 10 minute rest period per hour or less" in addition to a thirty minute lunch. (T. 386.) Further, Dr. Westervelt opined that Plaintiff would have no limitations on her ability to sit during an eight hour work day. (*Id.*) Dr. Westervelt observed Plaintiff could stand "for at least two hours out of an eight hour day." (T. 387.)[2] Regarding Plaintiff's ability to lift and carry, Dr. Westervelt opined Plaintiff could lift and carry "0-5 pounds" between three and eight hours a day, could lift and carry "5-10 pounds" up to three hours a day, and could lift and carry "over 10 pounds" up to three hours a day. (T. 387.)[3] Dr. Westervelt stated in the questionnaire that Plaintiff suffered from "chronic pain issues . . . which make prolonged standing difficult." (T. 389.) Dr. Westervelt further indicated that Plaintiff should avoid repetitive lifting due to her carpal tunnel syndrome. (*Id.*)

The ALJ afforded "some weight" to the questionnaire by Dr. Westervelt. (T. 21.) The ALJ reasoned that "full weight" could not be given to Dr. Westervelt's statement because "it fail[ed] to provide appropriate functional quantifications." (T. 22.) To be sure, the questionnaire completed by Dr. Westervelt did not present limitations in the same precise fashion as the more detailed RFC questionnaire form used by the Social Security Administration; however, the ALJ erroneously rejected the substance of Dr. Westervelt's opinion based on the form in which it was presented.

---

[2] The form completed by Dr. Westervelt provided the following options regarding Plaintiff's ability to stand: can stand for six hours out of an eight hour day; can stand for at least two hours out of an eight hour day; and is not able to stand for two hours out of an eight hour day. (T. 387.) Further, the form poses the question: "Is standing/walking impacted by [plaintiff's] condition;" however, the follow up questions refer only to a plaintiff's ability to stand. (*Id.*)

[3] The form completed by Dr. Westervelt did not provided an opportunity to indicate how many pounds beyond 10 pounds Plaintiff could lift/carry. (T. 387.)

8

Ultimately, the ALJ failed to provide "good reason" in affording Dr. Westervelt's opinion "some weight." *See* 20 C.F.R. 404.1527(c)(2), 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) (holding "[w]e will not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physicians opinion"); *see Schaal v. Apfel,* 134 F.3d 496, 505 (2d Cir.1998). The ALJ rejected the substance of Dr. Westervelt's opinion based purely on the format in which it was presented, without any consideration of the factors outlined in the Regulations.

Defendant argues the ALJ properly provided good reason for affording reduced weight to Dr. Westervelt's opinion in her conclusion that the form was insufficient. (Dkt. No. 24 at 9 [Def.'s Mem. of Law].) The Defendant then goes on to argue that Dr. Westervelt's opinion was not supported by her treatment notes. (*Id.* at 10-11.) However, as discussed in greater detail, *infra*, the ALJ did not provide this rational in her decision. This Court may not "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Martinbeault v. Astrue*, 2009 WL 5030789, *5 (N.D.N.Y. Dec. 14, 2009) (citing *Grogan v. Barnhart,* 399 F.3d 1257, 1263 (10th Cir. 2005)); *see also Snell v. Apfel,* 177 F.3d 128, 134 (2d Cir. 1999) (*quoting Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168 (1962)); *see also Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir.1999).

The ALJ also erred in her assessment of Dr. Westervelt's opinion because she failed to follow the factors outlined in the Regulations. To be sure, where an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go through each and every factor of the Regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70

(2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear"). Here the ALJ stated in her decision that she adhered to the Regulations as outlined in 20 C.F.R. §§ 404.1527(c) and 416.927(c); however, outside this statement, it is not apparent from her decision that she considered or applied the Regulations. (T. 19.)

Defendant argues that substantial evidence supports the ALJ's RFC determination. (Dkt. No. 24 at 6-14 [Def.'s Mem. of Law].) This Court cannot determine whether substantial evidence supported the ALJ's RFC determination, because there is a "reasonable basis for doubt" as to whether correct legal principles were applied; therefore, the substantial evidence standard may not be used to uphold the ALJ's decision. *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 280 (N.D.N.Y. 2009) (*citing Johnson v. Bowen,* 817 F.2d 983, 986 (2d Cir.1987)). Therefore, remand is recommended for a proper evaluation of Dr. Westervelt's opinion in accordance with the Regulations.

Plaintiff further argues the ALJ should have re-contacted Dr. Westervelt for clarification. (Dkt. No. 14 at 7 [Pl.'s Mem. of Law].) While the ALJ is under an affirmative duty to "make every reasonable effort" to develop the record, that duty is not "absolute" as the Plaintiff suggests. 20 C.F.R. §§ 404.1512(d), 416.912(d); (Dkt. No. 14 at 7 [Pl.'s Mem. of Law].) An ALJ has no duty to re-contact a source where the evidence submitted by that source is complete. Where the source's opinion includes all

of the factors set forth in 20 C.F.R. §§ 404.1513, 416.913[1] and there is no indication that further contact will result in additional information, re-contact is not necessary. *See Hluska v. Astrue*, No. 06-CV-0485, 2009 WL 799967, at *17 (N.D.N.Y. Mar. 25, 2009). Also, reviewing courts have held that ALJs are not required to seek additional information absent "obvious gaps" that preclude an informed decision. *Rosa v. Callahan,* 168 F.3d 72, 79 n. 5 (2d Cir. 1999); *see also Hart v. Comm'r of Soc. Sec.,* 07-CV-1270, 2010 WL 2817479, at *5 (N.D.N.Y. July 10, 2012). In this case, the ALJ relied solely on the format of the medical source statement questionnaire in providing "reduced weight" to the opinion and the remainder of the medical evidence in the record failed to provide sufficient functional limitations; therefore, it would be prudent for the ALJ to re-contact Dr. Westervelt for clarification. The ALJ should not fault the opinion of a treating physician solely based on the vehicle in which that opinion is presented. Further, it may behoove the ALJ to provide Dr. Westervelt with a Social Security Physical RFC Form (SSA-4734). Therefore, remand is recommended so that the ALJ may obtain a proper medical source statement from Dr. Westervelt and for a proper evaluation of Dr. Westervelt's opinion in accordance with the Regulations.

    **ii)     Dr. Sirotenko**

Consultative examiner, Dr. Sirotenko, examined Plaintiff in January of 2011. (T. 336-340.) Dr. Sirotenko's physical exam revealed that Plaintiff had full flexion and extension in her cervical and lumbar spine. (T. 338.) Dr. Sirotenko observed full range

---

[1] Pursuant to 20 C.F.R. § 416.913(b), medical reports should include a patient's (1) medical history, (2) clinical findings, (3) laboratory findings, (4) diagnosis, (5) treatment prescribed with response and prognosis, and a (6) statement about what the patient can still do despite his or her impairments based on the findings set forth in factors (1) through (5).

11

of motion in Plaintiff's shoulders, elbows, forearms, and left wrist. (*Id.*) Plaintiff's right wrist had decreased range of motion. (*Id.*) In a medical source statement Dr. Sirotenko opined Plaintiff should avoid repetitive pushing, pulling, and lifting of objects "greater than a moderate degree of weight." (T. 340.) Further, Dr. Sirotenko observed Plaintiff should be given "frequent" opportunities to alternate between sitting, standing, and walking. (*Id.*)

The AL afforded Dr. Sirotenko's opinion regarding Plaintiff's functional limitations "reduced weight" reasoning the limitations were "inconsistent" with medical evidence in the record and with Dr. Sirotenko's own clinical findings. (T. 22.) Specifically, the ALJ reasoned Dr. Sirotenko's limitations regarding lifting, pushing, and pulling were not supported by his observation that Plaintiff had no features of carpal tunnel syndrome. (*Id.*, *referring to* T. 339.) However, the ALJ apparently overlooked Dr. Sirotenko's statement that Plaintiff had "chronic myofascial pain syndrome involving the shoulder and hip girdles, cervical, thoracic, and lumbar spine" which could reasonably account for the limitations he imposed. (T. 339.) Since this Court recommends remand for a proper evaluation of Dr. Westervelt's opinion, the ALJ should also consider Dr. Sirotenko's opinion in light of any additional information provided by Dr. Westervelt and based on a proper evaluation of Dr. Westervelt's opinion. Further, Dr. Sirotenko's opinion should be re-evaluated based on his observations of Plaintiff's chronic myofascial pain syndrome.

Plaintiff makes the additional argument that the ALJ did not properly assess all of Plaintiff's functional limitations. (Dkt. No. 14 at 8-10 [Pl.'s Mem. of Law].) Plaintiff's argument is fundamentally a restatement of her first argument, that the ALJ did not properly assess the medical opinions in the record. As this Court recommends that the

matter be remanded for a proper evaluation of the medical evidence in the record, an evaluation on remand would also encompass a re-evaluation of Plaintiff's limitations based on those medical records and opinions.

### B. Whether the ALJ Erred at Step Four and Five of the Sequential Process.

After carefully considering the matter, the Court answers this question in the affirmative, for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 14 at 5-8, 8-10, 10-11 [Pl.'s Mem. of Law].) The Court adds the following analysis.

At step four of the sequential process the ALJ must determine whether the plaintiff has the RFC to perform the requirements of her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If a plaintiff cannot perform her past relevant work, or does not have any past relevant work, the analysis proceed to step five. At step five of the process, the ALJ must determine whether the plaintiff is able to do any other work considering her RFC, age, education, and work experience. *Id.* at §§ 404.1520(g), 416.920(g).

Plaintiff argues the ALJ erred in her determination that Plaintiff could return to her past relevant work. (Dkt. No. 14 at 10.) In addition, Plaintiff argues the ALJ's determination that Plaintiff could perform a significant number of jobs in the national economy was also in error. (*Id.*) Because remand in recommended so that the ALJ may, among other things, properly assess medical opinions in the record, remand is also necessary so that the ALJ may revisit her decision at steps four and five of the sequential analysis after conducting a RFC analysis. It is also recommended on remand that the ALJ take care to obtain a proper work history. It appears that the ALJ

erroneously stated in her decision that Plaintiff testified that she was currently working at the time of the hearing. (Dkt. No. 14 at 11 [Pl.'s Mem. of Law], *referring to* T. 20.) Therefore, remand is recommended for a proper evaluation of Plaintiff's past relevant work at step four and a proper evaluation at step five in accordance with 20 C.F.R. §§ 404.1520(f), 416.920(f), 404.1520(g), and 416.920(g).

    **C.    Whether the AC Failed to Remand Based on "New and Material" Evidence.**

Plaintiff argues the AC erred in refusing to consider additional medical evidence provided by Dr. Westervelt. (Dkt. No. 20 at 1-4 [Pl.'s Supp. Mem. of Law], (Dkt. No. 27 at 1-2 [Pl.'s Reply Mem. of Law].)

The AC will consider new and material evidence only where it relates to the period on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.970(b), 416.1470(b). If it relates to that time period, the AC will review to determine if the ALJ's actions, findings, or conclusion are contrary to the weight of the evidence currently on record. *Id.* If the evidence provided "does not add so much as to make the ALJ's decision contrary to the weight of the evidence" remand is not necessary. *Rutkowski v. Astrue*, 368 F.App'x 226, 229 (2d Cir. 2010). Evidence is "new if it is not merely cumulative of what is already in the record, and is material if it is both (1) relevant to the claimant's condition during the time period for which benefits have been denied—that is, the period on or before the ALJ's decision, and (2) probative—in other words, that there is a 'reasonable probability that the new evidence would have influenced the Commissioner to decide the claimant's application differently'." *Webb v. Apfel,* No. 98-CV-791, 2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000) (citing *Jones v. Sullivan,* 949 F.2d 57, 60 (2d Cir .1990)).

14

Evidence is "material" if there is "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Webb,* 2000 WL 1269733, at *14. If the AC fails to consider new and material evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." *Shrack v. Astrue,* 608 F. Supp. 2d 297, 302 (D. Conn. 2009).

Here, Plaintiff submitted to the AC one page titled "Addendum to Questionnaire" from Dr. Westervelt dated July 11, 2012. The AC returned this piece of evidence stating that the information was dated after the ALJ's decision and therefore did not pertain to the relevant time frame. (T. 3.) Plaintiff argues the AC erred in its determination, because the evidence related to the period in question. (Dkt. No. 20 at 2 [Pl.'s Supp. Mem. of Law].) Defendant counters that although the evidence was new, it was not material, because it was dated after the ALJ's decision. (Dkt. No. 24 at 16-17 [Def.'s Mem. of Law].)

However, the Court need not address whether or not the AC erred in its treatment of the additional evidence. As this matter is being recommended for remand for a proper evaluation of Dr. Westervelt's opinion, and to re-contact Dr. Westervelt for a more coherent medical source statement, any additional records or opinions may be submitted at that time. *See Borush v. Astrue*, No. 05-CV-361, 2008 WL 4186510, at *10 (N.D.N.Y. Sept. 10, 2008).

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Plaintiff's motion for judgment on the pleadings be **GRANTED**, and the Commissioner's determination be **VACATED**, and the matter be **REMANDED** for further proceedings consistent with this report**.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 15, 2015

_____
William B. Mitchell Carter
U.S. Magistrate Judge